IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SOLVAY PHARMACEUTICALS, B.V.<br>C.J. Van Houtenlaan 36, 1381 CP<br>Weesp, Netherlands<br><br>Plaintiff,<br><br>v.<br><br>HON. DAVID J. KAPPOS<br>Under Secretary of Commerce for Intellectual<br>Property and Director of the United States Patent<br>and Trademark Office<br>Office of General Counsel,<br>United States Patent and Trademark Office<br>P.O. Box 15667, Arlington, VA 22215<br>Madison Building East, Rm. 10B20<br>600 Dulany Street, Alexandria, VA 22314<br><br>Defendant. | Case No._____ |

## COMPLAINT

Plaintiff, Solvay Pharmaceuticals, B.V. ("Solvay"), for its complaint against the Honorable David J. Kappos, states as follows:

## NATURE OF THE ACTION

1. This is an action by the assignee of United States Patent No. 7,524,867 ("the '867 patent") seeking judgment, pursuant to 35 U.S.C. § 154(b)(4)(A), that the patent term adjustment for the '867 patent be changed from 480 days to at least 551 days.

2. This action arises under 35 U.S.C. § 154 and the Administrative Procedures Act, 5 U.S.C. §§ 701-706.

## JURISDICTION AND VENUE

3. This Court has jurisdiction to hear this action and is authorized to issue the relief sought pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1361, 35 U.S.C. § 154(b)(4)(A) and 5 U.S.C. §§ 701-706.

4. Venue is proper in this district by virtue of 35 U.S.C. § 154(b)(4)(A).

5. This Complaint is timely filed in accordance with 35 U.S.C. § 154(b)(4)(A).

## THE PARTIES

6. Plaintiff Solvay is a corporation organized under the laws of the Netherlands, having a principal place of business at C.J. Van Houtenlaan 36, 1381 CP, Weesp, Netherlands.

7. Defendant David J. Kappos ("Director") is the Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office ("PTO"), acting in his official capacity. The Director is the head of the agency, charged by statute with providing management supervision for the PTO and for the issuance of patents. The Director is the official responsible for determining the period of patent term adjustment under 35 U.S.C. § 154.

## BACKGROUND

8. Josephus H. M. Lange, Hendrik C. Wals, and Cornelis G. Kruse are the inventors of U.S. Patent Application Number 11/138,289 ("the '289 application") entitled "Tetrasubstituted Imidazole Derivatives As Cannabinoid $CB_1$ Receptor Modulators With A High $CB_1/CB_2$ Receptor Subtype Selectivity," which issued as the '867 patent on April 28, 2009. The '867 patent claims imidazole derivatives, pharmaceutical compositions comprising imidazole derivatives, methods of preparing pharmaceutical compositions comprising imidazole

derivatives, and methods of treatment comprising administration of imidazole derivatives. The '867 patent is attached as Exhibit A.

9. Plaintiff Solvay is the assignee of the '867 patent, as evidenced by the assignment documents recorded in the PTO.

10. Section 154 of title 35 of the United States Code requires that the Director of the PTO grant a patent term adjustment in accordance with the provisions of section 154(b). Specifically, 35 U.S.C. § 154(b)(3)(D) states that "[t]he Director shall proceed to grant the patent after completion of the Director's determination of a patent term adjustment under the procedures established under this subsection, notwithstanding any appeal taken by the applicant of such determination."

11. In determining patent term adjustment, the Director is required to extend the term of a patent for a period equal to the total number of days attributable to delay by the PTO under 35 U.S.C. § 154(b)(1), as limited by any overlapping periods of delay by the PTO as specified under 35 U.S.C. § 154(b)(2)(A), any disclaimer of patent term by the applicant under 35 U.S.C. § 154(b)(2)(B), and any delay attributable to the applicant under 35 U.S.C. § 154(b)(2)(C).

12. The Director made a determination of patent term adjustment pursuant to 35 U.S.C. § 154(b)(3) and issued the '867 patent reflecting that determination.

13. On March 12, 2009, before the '867 patent was issued, Solvay filed a Request for Reconsideration of Patent Term Adjustment under 35 C.F.R. § 1.705 requesting an estimated additional 71 days of patent term pursuant to the decision in Wyeth v. Dudas, 580 F. Supp. 2d 138 (D.D.C. 2008).

14. On September 3, 2009, the PTO denied Plaintiff's request for any additional patent term beyond the original 480 days, stating that the PTO's interpretation of 35 U.S.C. § 154 is correct.

15. 35 U.S.C. § 154(b)(4)(A) provides that "[a]n applicant dissatisfied with a determination made by the Director under paragraph (3) shall have remedy by a civil action against the Director filed in the United States District Court for the District of Columbia within 180 days after grant of the patent. Chapter 7 of title 5 shall apply to such an action."

## CLAIM FOR RELIEF

16. The allegations of paragraphs 1-15 are incorporated in this claim for relief as if fully set forth.

17. The patent term adjustment for the '867 patent, as determined by the Director under 35 U.S.C. § 154(b) and indicated on the face of the '867 patent, is 480 days. (*See* Ex. A at 1.) The determination of this 480 day patent term adjustment is in error because the PTO failed to properly account for the delays that occurred after the date that was three years after the actual filing date of the '289 application, pursuant to 35 U.S.C. § 154(b)(1)(A). The correct patent term adjustment for the '867 patent is at least 551 days.

18. The '289 application was filed on May 27, 2005, and issued as the '867 patent on April 28, 2009. A Request for Continued Examination ("RCE") was filed in the '289 application on August 6, 2009.

19. Under 35 U.S.C. § 154(b)(1)(A), the number of days attributable to PTO examination delay ("A Delay") is 480 days.

20. Under 35 U.S.C. § 154(b)(1)(B), the number of days between the date that was three years after the actual filing date of the '289 application (*i.e.*, May 27, 2008) and the filing of an RCE (*i.e.*, August 6, 2008) ("B Delay") is 71 days.

21. Under 35 U.S.C. § 154(b)(2)(C), the number of days of applicant delay is zero (0) days.

22. 35 U.S.C. § 154(b)(2)(A) provides that "to the extent that periods of delay attributable to grounds specified in paragraph [b](1) overlap, the period of any adjustment . . . shall not exceed the actual number of days the issuance of the patent was delayed." The overlap between the "A Delay" period and the "B Delay" period in the prosecution of the '867 patent (*i.e.*, the period of "A Delay" that occurred between May 27, 2008, and August 6, 2008) is 0 days.

23. The '867 patent is not subject to a disclaimer of term. Thus, the period of patent term adjustment is not limited under 35 U.S.C. § 154(b)(2)(B).

24. Accordingly, the correct patent term adjustment under 35 U.S.C. § 154(b)(1) and (2) is the sum of the "A Delay" and "B Delay" (480 + 71 = 551 days). This number is not reduced by any days of applicant delay or overlap days in this case.

25. The Director erred in the determination of patent term adjustment by treating the entire period of PTO examination delay, and not only the period of PTO examination delay that occurred after the date that was three years after the actual filing date of the '289 application, as the period of overlap between the "A Delay" and the "B Delay." Thus, the Director erroneously determined that the net patent term adjustment should be limited under 35 U.S.C. § 154(b)(2)(A) by 480 days, rather than the correct net patent term adjustment of 551 days.

26. In *Wyeth v. Dudas*, 580 F. Supp. 2d 138 (D.D.C. 2008), this Court explained the proper construction of the provisions of 35 U.S.C. § 154(b) for determining patent term

adjustment. In accordance with *Wyeth*, the patent term adjustment for the '867 patent is properly determined to be 551 days, as set forth above.

27. The Director's determination that the '867 patent is entitled to only 480 days of patent term adjustment is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law and in excess of statutory jurisdiction, authority, or limitation.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff demands judgment against Defendant and respectfully requests that this Court enter Orders:

A. Changing the period of patent term adjustment for the '867 patent term from 480 days to 551 days and requiring the Director to extend the term of the '867 patent to reflect the 551 day patent term adjustment.

B. Granting such other and future relief as the nature of the case may admit or require and as may be just and equitable.

Dated: October 23, 2009              Respectfully submitted,

                                     _____
                                     Kenneth J. Meyers, Bar No. 106443
**Of Counsel:**                      FINNEGAN, HENDERSON, FARABOW,
Michele C. Bosch                       GARRETT & DUNNER, L.L.P.
FINNEGAN, HENDERSON,                 901 New York Avenue, N.W.
FARABOW GARRETT &                    Washington, D.C. 20001-4413
DUNNER, L.L.P.                       (202) 408-4000
901 New York Avenue, N.W.
Washington, D.C. 20001-4413          Attorneys for Plaintiff
(202) 408-4000                       SOLVAY PHARMACEUTICALS, B.V.